**Affirmed as Modified; Opinion Filed February 26, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00644-CR

## WAYNE EDWARD GREER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 282nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F13-61634-S

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

Wayne Edward Greer waived a jury and pleaded not guilty to assault involving family violence, with two prior assault-family violence convictions. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (West 2011); TEX. FAM. CODE ANN. §§ 71.0021, 71.005 (West 2008 & Supp. 2014). After finding appellant guilty, the trial court assessed punishment at five years' imprisonment. On appeal, appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12

(Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

Appellant filed a pro se response raising several issues. After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the trial court's judgment contains an error. The judgment recites appellant's sentence is "5 years Institutional Division, TDCJ." The record, however, shows the trial court assessed an eight-year sentence. We modify the judgment to show the punishment and place of confinement is "8 years Institutional Division, TDCJ." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment. We order the trial court to enter an amended judgment that reflects this change.


/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140644F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

WAYNE EDWARD GREER, Appellant

No. 05-14-00644-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the  282nd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-61634-S).
Opinion delivered by Justice Stoddart, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** to show the punishment and place of confinement is "8 years Institutional Division, TDCJ."

As modified, we **AFFIRM** the trial court's judgment.

We **ORDER** the trial court to issue an amended judgment that reflects the above change.

Judgment entered February 26, 2015.